# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-1760

_____

Ricardo L. Rye,               *
                                  *

        Appellant,       *

                                  *   Appeal from the United States
     v.                  *   District Court for the
                                  *   Eastern District of Arkansas.

Social Security Administration,   *
Michael J. Astrue, Commissioner,  *      [UNPUBLISHED]
                                  *

        Appellee.        *

_____

Submitted: July 25, 2008
Filed: August 7, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ricardo L. Rye appeals the district court's[1] decision affirming the denial of disability insurance benefits (DIB). Rye alleged disability since March 2002 from arthritis and pain-related depression. After a hearing, an administrative law judge (ALJ) determined that (1) Rye's back problems and Hepatitis C (HCV) were severe impairments, but not of listing-level severity alone or combined; (2) his subjective

_____

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

complaints were not fully credible; (3) he had the residual functional capacity (RFC) to perform light work; and (4) based on the testimony of a vocational expert (VE), he could perform two of his past jobs and also other specified jobs. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record and considered Rye's arguments, we find no basis for reversal. See Hamilton v. Astrue, 518 F.3d 607, 610 (8th Cir. 2008) (standard of review).

We find no inaccuracies in the ALJ's summary of the evidence related to Rye's degenerative joint disease and HCV. Even if Rye had some pain from degenerative joint disease and this condition would likely worsen over time, that does not necessarily mean his pain was disabling before his insured status expired in March 2006, see Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (real issue is severity of claimant's pain); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (to qualify for DIB, claimant must establish existence of disability before expiration of his insured status); and there was no medical-record support for a diagnosis of HCV or any related treatment or reported symptoms, see Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007) (discussing severity of impairment, which claimant has burden of establishing). We further conclude that the ALJ properly discounted Dr. Campos's physical-RFC findings, and that the ALJ's physical-RFC findings are supported by substantial evidence. We question whether Dr. Campos qualifies as a treating physician, and the doctor himself testified that his RFC findings were unreliable and based entirely on Rye's reports, and that an orthopedist's opinion would be entitled to more weight. See Kirby, 500 F.3d at 709 (consulting physician's opinion was not entitled to deference, and it was based on subjective complaints and conflicted with another consultant's opinion); Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (noting that it is ALJ's responsibility to determine RFC based on medical records, observations of treating physicians and others, and claimant's own description of his limitations).

There is also substantial evidence to support the ALJ's rejection of Rye's contention that he has disabling organic brain syndrome and depression. Among other things, Rye did not allege organic brain syndrome as a basis for disability until the hearing, and then he did so only indirectly, cf. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (fact that claimant did not allege depression on benefits application is significant even if evidence of depression was later developed); he never sought treatment for organic brain syndrome or depression; and neither of the consulting psychologists diagnosed depression. Thus, the ALJ was not required to adopt the related mental-RFC findings of the two psychologists. Finally, we decline to address Rye's remaining arguments. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 634 (8th Cir. 2007) ("points not meaningfully argued in an opening brief are waived").

Accordingly, we affirm.

_____